IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SEEDS OF PEACE COLLECTIVE      )
and THREE RIVERS CLIMATE       )
CONVERGENCE,                   )
                               )
          Plaintiffs,          )
     v.                        )    Civil Action No. 09-1275
                               )
CITY OF PITTSBURGH; LUKE       )
RAVENSTAHL, Mayor, City of     )
Pittsburgh; MICHAEL HUSS,      )
Director of Public Safety,     )
City of Pittsburgh; NATHAN     )
HARPER, Chief, Pittsburgh      )
Bureau of Police; WILLIAM E.   )
BOCHTER, Assistant Chief,      )
Pittsburgh Bureau of Police;   )
MICHAEL T. RADLEY, Assistant   )
Director, Pittsburgh City      )
Parks; OFFICER SELLERS         )
(Badge No. 3602); OFFICER      )
ERIC KURVACH (Badge No. 3480)  )
OFFICERS DOE 1-100,            )
                               )
          Defendants.          )

MEMORANDUM

Gary L. Lancaster,
Chief Judge.                                    May 25, 2010

          This is a civil rights action brought pursuant to 42

U.S.C. § 1983.  Plaintiffs, Seeds of Peace Collective ("Seeds of

Peace") and Three Rivers Climate Convergence ("Three Rivers"),

allege that defendants, City of Pittsburgh, Luke Ravenstahl,

Michael Huss, Nathan Harper, William E. Bochter, Michael T. Radley,

officer Sellers, Eric Kurvach, and officers Doe 1-100, violated

their First, Fourth, and Fourteenth Amendment rights by interfering

with their ability to freely assemble and demonstrate during the

week of September 20, 2009 when the International Coal Conference

and the Group of 20 Summit ("G-20 Summit") took place in Pittsburgh, Pennsylvania.

Plaintiffs filed this lawsuit on September 21, 2009, four days after this court denied Three Rivers' request for injunctive relief in Codepink Pittsburgh Women for Peace, et al. v. United States Secret Service, et al., W.D. Pa. docket no. 09-1235 ("Codepink"). On December 12, 2009, plaintiffs filed an amended complaint in this case which, inter alia, eliminated its request for injunctive relief and added a request for punitive damages.

In response, defendants filed a motion for partial dismissal of the amended complaint seeking dismissal of: (1) all First Amendment claims as to all defendants, and (2) all Fourth Amendment claims as to several of the individual defendants. Defendants primarily argue for dismissal of these claims for failure to raise a legally cognizable claim under Iqbal. In addition, defendants contend the First and Fourth Amendment claims asserted against certain individual governmental official defendants should be dismissed based on qualified immunity or quasi-judicial defenses.

For the reasons that follow, we will grant in part and deny in part defendants' motion for partial dismissal.

I. BACKGROUND

We accept the following material facts as true solely for the purpose of rendering an opinion on the motion to dismiss.

2

From September 20 through 23, 2009, and from September 24 through 25, 2009, the International Coal Conference and the G-20 Summit, respectively, took place in Pittsburgh, Pennsylvania. These events took place primarily in the city's downtown area.

Three Rivers wanted to provide a 24-hour-a-day camp demonstrating a sustainable lifestyle from September 20 to 25, 2009. Three Rivers originally wanted to locate the camp in Point State Park ("Point Park"), a downtown park. Seeds of Peace wanted to provide food to Three Rivers and other demonstrators, and also serve as a model for sustainable living from September 19 through 26, 2009. Both plaintiffs claim that defendants' actions rendered them unable to demonstrate, silenced their political message about global climate change, and caused them to suffer emotional distress.

Three Rivers alleges that defendants: (1) wrongfully denied it a permit to demonstrate in Point Park; (2) significantly compromised its ability to demonstrate in Schenley Park; (3) wrongfully denied them the right to camp overnight in any city park; and (4) wrongfully confiscated their demonstration items. Seeds of Peace asserts their constitutional rights were violated when defendants: (1) denied them the ability to serve demonstrators food; and (2) precluded their bus from traveling to demonstration destinations.

## II. STANDARD OF REVIEW

In considering a Rule 12(b)(6) motion, we must be mindful that federal courts require notice pleading, as opposed to the heightened standard of fact pleading. Federal Rule of Civil Procedure 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds on which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

To survive a motion to dismiss, plaintiff must allege sufficient facts that, if accepted as true, state "a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 at 570). A claim has facial plausibility when a plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant may be liable for the misconduct alleged. Id. at 1949. However, the court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" Iqbal, 129 S.Ct. at 1950 (quoting Twombly, 550 U.S. at 555); see also Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).

Therefore, when deciding a motion to dismiss under Rule 12(b)(6), we apply the following rules. The facts alleged in the complaint, but not the legal conclusions, must be taken as true and

4

all reasonable inferences must be drawn in favor of plaintiff. Iqbal, 129 S.Ct. at 1949; Twombly, 550 U.S. at 555. We may not dismiss a complaint merely because it appears unlikely or improbable that plaintiff can prove the facts alleged or will ultimately prevail on the merits. Twombly, 550 U.S. at 556, 563 n.8. Instead, we must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. Id. at 556. In short, the motion to dismiss should not be granted if plaintiff alleges facts which could, if established at trial, entitle him to relief. Id. at 563 n.8.

It is on this standard that the court has reviewed defendants' motion for partial dismissal. Based on the pleadings of record, the court is persuaded that for some of the claims asserted, plaintiffs have alleged facts that "raise a right to relief above the speculative level ... on the assumption that the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555 (citations and emphasis omitted).

III. DISCUSSION

   A.    First Amendment Claims

      1.    Dismissal of Three Rivers' First Amendment Claims

Defendants attack the amended complaint under the Iqbal standard suggesting that plaintiffs failed to plead any legally cognizable First Amendment claims. In support of this contention, defendants rely in part on our preliminary injunction ruling in

5

Codepink. Codepink Pittsburgh Women for Peace et al. v. United States Secret Service et al., W.D. Pa. docket no. 09-1235. In Codepink, Three Rivers requested a preliminary injunction from this court requiring the City of Pittsburgh to allow overnight camping in Schenley Park.

During the preliminary injunction hearing held on September 17, 2009, this court required Three Rivers to prove that overnight camping in the city's park was expressive conduct under the First Amendment, pursuant to Clark v. Community for Creative Non-Violence, 468 U.S. 288, 294, n.5 (1984). After receiving and considering evidence presented by the parties, this court determined Three Rivers failed to prove that overnight camping conveyed or expressed any message. We thus held there was no reason to even conduct a First Amendment analysis. (See, Codepink, doc. no. 37, p. 12-13).

Despite this conclusion, we assumed, arguendo, that overnight camping was expressive conduct and applied a First Amendment analysis. This court, again applying Clark, supra, still concluded based on the evidence, the City of Pittsburgh's denial of Three River's request to camp overnight was valid because its denial was narrowly tailored to serve a significant governmental interest and its restrictions went to the time, place, and manner of Three Rivers demonstrations, not the content of Three River's message. Id.

6

We now hold that our ruling in the Codepink preliminary injunction precludes Three Rivers from reasserting the same First Amendment claim against the City of Pittsburgh in this proceeding. See, McTernan v. City of York, Penn., 577 F.3d 521, 530-31 (3d Cir. 2009) (a district court's findings and conclusions on a preliminary injunction motion can "have preclusive effect if the circumstances make it likely that the findings are 'sufficiently firm' to persuade the court that there is no compelling reason for permitting them to be litigated again." (citations omitted)).

In Hawksbill Sea Turtle v. Federal Emergency Mgmt. Agency, the Court of Appeals for the Third Circuit noted that "findings made in preliminary injunction decisions have preclusive effect if the circumstances make it likely that the findings are "sufficiently firm" to persuade the court that there is no compelling reason for permitting them to be litigated again." 126 F.3d 461, 474 n.11 (3d Cir. 1997)(citation omitted). Whether the resolution in the first proceeding is sufficiently firm to merit preclusive effect turns on a variety of factors, including "whether the parties were fully heard, whether the court filed a reasoned opinion, and whether that decision could have been, or actually was appealed." In re Brown, 951 F.2d 564, 569 (3d Cir. 1991).

We find that the circumstances presented make our prior finding in Codepink sufficiently firm. We specifically note that

7

the parties were fully heard as to whether overnight camping in a public park was expressive speech under the First Amendment or was a way to house protestors without lodging. We further note that this court filed a reasoned opinion and the matter was not appealed.

Plaintiffs' amended complaint and their brief in opposition to the partial motion to dismiss fail to provide a compelling reason for the re-litigation of this discrete issue.[1] Accordingly, based on our decision in Codepink, this court will grant defendants' motion to dismiss with respect to Three Rivers' First Amendment claims pertaining to overnight camping.

Defendants also request dismissal of all remaining First Amendment claims raised by Three Rivers. We categorize these claims as: (1) defendants' wrongful denial to issue a permit to Three Rivers to demonstrate in Point Park;[2] (2) defendants' actions which compromised Three Rivers' ability to demonstrate in Schenley Park due to: (a) defendants' delay in issuing a permit, and

---

[1] Although plaintiffs' amended complaint alleges it has "new evidence" tending to prove the City engaged in content-based discrimination when it denied Three Rivers permission to camp overnight, our determination in Codepink was that Three Rivers failed to prove that overnight camping was expressive conduct thereby invoking a First Amendment analysis in the first place.

[2] Although much evidence was presented during the Codepink preliminary injunction hearing on the subject of permits, this court's prior opinion did not discuss whether Three Rivers' First Amendment rights were impacted in any way by defendants' actions and inactions with respect to permits.

(b) defendants confiscation of Three Rivers' belongings; and (3) defendants' prevention of Three Rivers' demonstration in Schenley Park on September 24, 2009.

Defendants argue that these First Amendment claims should be dismissed against defendants Ravenstahl, Huss, Harper, Bochter and Radley because plaintiffs' allegations merely claim that these defendants are responsible under a theory of vicarious liability, inapplicable in a Section 1983 lawsuit such as this one. Plaintiffs counter by claiming the amended complaint clearly describes how the individual actions of each of these defendants impaired their First Amendment rights.

Because this lawsuit is based on 42 U.S.C. § 1983, vicarious liability is inapplicable and plaintiffs must plead that each government official through his own actions violated the Constitution. Iqbal, 129 S.Ct. at 1948. In addition, the Supreme Court has "emphasized that official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent. Suits against state officials in their official capacity therefore should be treated as suits against the State." Hafer v. Melo, 502 U.S. 21, 25 (1991) (quotation and citations omitted).

We find that plaintiffs' allegations with respect to defendants Ravenstahl, Huss, Harper, and Bochter are merely conclusory and lack details concerning the personal involvement of

these individuals. In fact, in the few places where plaintiffs' amended complaint describes actions which infringe on their First Amendment rights, they generically state the actions were taken by "city officials" without specifying which defendant. In the very few instances where defendants Ravenstahl, Huss, Harper, and Bochter are specifically mentioned by name, the allegations set forth against them concern actions that each person would have undertook in his official capacity. (See, i.e., doc no. 15, ¶ 47). Under Iqbal, this is insufficient.

However, with respect to defendant Radley, we find that plaintiffs' allegations are adequately pled and do not appear to be predicated on a vicarious liability theory. (See, i.e., doc. no. 15, ¶¶ 88-96). Accordingly, we will grant defendants' motion to dismiss with prejudice with respect to the remaining First Amendment claims enumerated above but only as to defendants Ravenstahl, Huss, Harper, and Bochter.

Defendants alternatively argue that defendant Radley is entitled to quasi-judicial immunity. As its name suggests, "quasi-judicial" immunity is a doctrine under which government actors whose acts are relevantly similar to judging are immune from suit. Dotzel v. Ashbridge, 438 F.3d 320, 325 (3d Cir. 2006). "Quasi-judicial absolute immunity attaches when a public official's role is 'functionally comparable' to that of a judge." Id. (citation omitted). Regardless of his job title, if a state

official must walk, talk, and act like a judge as part of his job, then he is as absolutely immune from lawsuits arising out of that walking, talking, and acting as are judges who enjoy the title and other formal indicia of office. Id. (citation omitted).

Based on the allegations set forth in the amended complaint, there is no basis for a finding of quasi-judicial immunity. (See, i.e., doc. no. 17, ¶¶ 88-96). Thus, defendants' motion to dismiss the First Amendment claim against defendant Radley is denied without prejudice to reassert it at the close of discovery.

Thus, based on the foregoing, Three Rivers is left with a First Amendment claim against defendants City of Pittsburgh, Radley, Sellers, Kurvach, and officers Doe 1-100 with respect to the following discrete issues: (1) defendants' wrongful denial to issue a permit to Three Rivers to demonstrate in Point Park; (2) defendants' actions which compromised Three Rivers' ability to demonstrate in Schenley Park due to: (a) defendants' delay in issuing a permit, and (b) defendants' confiscation of Three Rivers' belongings; and (3) defendants' prevention of Three Rivers' demonstration in Schenley Park on September 24, 2009.

2.   Dismissal of Seeds of Peace First Amendment Claims

Next, defendants seek a dismissal of the First Amendment claims raised by Seeds of Peace. The amended complaint alleges that Seeds of Peace was precluded from engaging in two separate forms of

11

allegedly expressive conduct: (1) illustrating a sustainable living concept by displaying its bus at demonstrations in Point Park and Schenley Park; and (2) feeding other demonstrators.

We find the amended complaint meets the <u>Iqbal</u> standard with respect to the bus issue, because it presents facts that, if accepted as true, allow this court to draw the reasonable inference that defendants may be liable for plaintiffs' inability to demonstrate. (<u>See</u> doc. no. 15, ¶¶ 103-188). Accordingly, we will allow that First Amendment claim to move forward, but only with respect to defendant City of Pittsburgh. We will grant defendants' motion to dismiss plaintiffs' First Amendment claims with respect to defendants Huss, Harper, and Bochter for the same reasons set forth above - namely that plaintiffs' amended complaint asserts only conclusory and vicarious allegations against these defendants. These are insufficient to maintain a Section 1983 action in the face of an <u>Iqbal</u> challenge.

We also find that Seeds of Peace failed to plead a legally cognizable claim under the First Amendment with respect to serving food. In order to ascertain whether serving food is expressive conduct worthy of First Amendment protection, we begin with the two-prong <u>Spence</u>-<u>Johnson</u> test announced by the Supreme Court. See, <u>Texas v. Johnson</u>, 491 U.S. 397 (1989) and <u>Spence v. State of Washington</u>, 418 U.S. 405 (1974). Through these cases, the Supreme Court determined whether speech is "sufficiently imbued

12

with elements of communication" by asking "whether '[a]n intent to convey a particularized message was present, and [whether] in the surrounding circumstances the likelihood was great that the message would be understood by those who viewed it.'" Johnson, 491 U.S. at 404 (quoting Spence, 418 U.S. at 410-11 (1974)). In Hurley v. Irish-American Gay, Lesbian and Bisexual Group of Boston, 515 U.S. 557 (1995), the Court modified this test by eliminating the "particularized message" aspect of it. Id. at 569-70.

Subsequent to Hurley, the Court of Appeals for the Third Circuit held that conduct is expressive if, "considering 'the nature of [the] activity, combined with the factual context environment in which it was undertaken,' we are led to the conclusion that the 'activity was sufficiently imbued with elements of communication to fall within the scope of the First and Fourteenth Amendments.'" Tenafly Eruv Ass'n, Inc. v. Borough of Tenafly, 309 F.3d 144, 160 (3d Cir. 2002) (citations omitted).

In Tenafly, the Court of Appeals reasserted that it is incumbent on a plaintiff to establish that he engaged in expressive conduct. The Court stated, "...as we stressed in Troster, 65 F.3d at 1091-92, and as the Supreme Court held in Clark, 'it is the obligation of the person desiring to engage in assertedly expressive conduct to demonstrate that the First Amendment even applies.' Clark, 468 U.S. at 293 n.5, 104 S.Ct. 3065." 309 F.3d at 161.

Like the court in <u>Tenafly</u>, we agree that functionality and expression are not mutually exclusive, but plaintiffs' amended complaint offers no facts indicating how feeding hungry demonstrators communicates or expresses any idea or message. <u>See</u>, <u>id</u>. at 163-64. In this case, plaintiffs' amended complaint repeatedly describes the role of Seeds of Peace as proffering "support" to individuals and groups who engage in demonstrations by providing and serving them food. (Doc no. 15, ¶¶ 8-10, 32). Plaintiffs fail to allege facts that would provide the necessary context to illustrate how this "support" rises to the level of protected speech. Simply put, the amended complaint fails to allege how "supporting" other protestors by serving them food is expressive conduct and therefore, constitutionally protectable communication.

In their brief in opposition to the partial motion to dismiss, plaintiffs contend that G-20 Summit demonstrators would have understood the message being conveyed by Seeds of Peace through its actions of providing and serving food. However, this "message" has not been adequately, if at all, explained by plaintiffs in their amended complaint. Nor could this "message" be given any credence given that plaintiffs admit in their amended complaint that the act of preparing and serving food constitutes "support" for other demonstrators. Although conduct can be simultaneously functional and expressive, as in <u>Allegheny County v.</u>

14

Greater Pittsburgh ACLU, 492 U.S. 573 (1989), we find that
plaintiffs' description of the acts of food preparation and service
as "support" fails to sufficiently imbue these acts with the
necessary elements of communication so as to fall within the scope
of the First Amendment. Further, given plaintiffs' admissions that
its food preparation and service acts were done to "support" other
protestors, we find that any amendment to the amended complaint
would be futile. See In re Burlington Coat Factory Securities
Litigation 114 F.3d 1410, 1434 (3d Cir. 1997) ("futility" means
that the complaint, as amended, would fail to state a claim upon
which relief could be granted).

Accordingly, upon application of the Iqbal standard, we
will grant defendants' motion to dismiss the First Amendment claim
pertaining to providing or serving food raised by Seeds of Peace
with prejudice.

Thus, based on the foregoing, Seeds of Peace may proceed
with its First Amendment claim related to the bus issue, as
asserted against defendant City of Pittsburgh.

B.     Fourth Amendment Claims

Plaintiffs' amended complaint alleges that their Fourth
Amendment rights were infringed as follows: (1) by defendants
Radley and the City of Pittsburgh deliberately seizing Three
Rivers' possessions located in Schenley Park; (2) by defendants
Huss, Harper, Bochter and the City of Pittsburgh: (a) illegally

15

searching the Seeds of Peace bus and refrigeration unit, (b) illegally towing and impounding the Seeds of Peace bus; and (3) illegally detaining of four members of Seeds of Peace for thirty (30) minutes.

        Defendants argue that plaintiffs' Fourth Amendment claims fail to state a cognizable claim against defendants Ravenstahl, Huss, Harper, Bochter and Radley.[3] Defendants additionally argue that the Fourth Amendment claims against defendants Huss, Harper, and Bochter should be dismissed based on the doctrine of qualified immunity while the Fourth Amendment claim against defendant Radley should be dismissed based on quasi-judicial immunity.

        As noted above, in a Section 1983 case such as this one, plaintiffs' amended complaint must assert that an individual government official defendant, through his own actions violated the Constitution. Iqbal, 129 S.Ct. at 1949. We find, based on the same analysis discussed at III. A. 1., infra., the Fourth Amendment claims plaintiffs asserted against defendants Huss, Harper, and Bochter as individuals must be dismissed. However, plaintiffs have adequately pled a Fourth Amendment claim against defendant Radley in connection with Three Rivers' loss of property. Seeds of Peace may pursue their Fourth Amendment claims pertaining the bus and

---

        [3] Plaintiffs' amended complaint does not assert a Fourth Amendment claim against defendant Ravenstahl. We therefore consider defendants' arguments with respect to the Fourth Amendment claims as to defendants Huss, Harper, Bochter and Radley.

detention issues against defendants City of Pittsburgh, Sellers, Kurvach and officers Doe 1-100.

An appropriate order follows.

17

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SEEDS OF PEACE COLLECTIVE         )
and THREE RIVERS CLIMATE          )
CONVERGENCE,                      )
                                  )
          Plaintiffs,             )
     v.                           )     Civil Action No. 09-1275
                                  )
CITY OF PITTSBURGH; LUKE          )
RAVENSTAHL, Mayor, City of        )
Pittsburgh; MICHAEL HUSS,         )
Director of Public Safety,        )
City of Pittsburgh; NATHAN        )
HARPER, Chief, Pittsburgh         )
Bureau of Police; WILLIAM E.      )
BOCHTER, Assistant Chief,         )
Pittsburgh Bureau of Police;      )
MICHAEL T. RADLEY, Assistant      )
Director, Pittsburgh City         )
Parks; OFFICER SELLERS            )
(Badge No. 3602); OFFICER         )
ERIC KURVACH (Badge No. 3480)     )
OFFICERS DOE 1-100,               )
                                  )
          Defendants.             )

ORDER

AND NOW, this 25 day of May, 2010, IT IS HEREBY ORDERED that defendant's motion for partial dismissal of Plaintiffs' amended complaint [doc. no. 19] is GRANTED IN PART and DENIED IN PART, without prejudice to raise those matters denied herein in a motion for summary judgment.

Based on the memorandum filed contemporaneously with this order, the only claims that are not dismissed are as follows:

18

Claim 1: First Amendment
(Three Rivers v. City of Pittsburgh, Michael T. Radley,
officer Sellers, officer Eric Kurvach, and officers Doe 1-
100)

    (1) Denying Three Rivers a permit to demonstrate in
    Point Park;
    (2) Compromising Three Rivers ability to demonstrate in
    Schenley Park due to:
        (a) delayed issuance of a permit, and
        (b) confiscation of Three Rivers' materials; and
    (3) Preventing Three Rivers from demonstrating in
    Schenley Park on September 24, 2009.

Claim 2: Fourth Amendment
(Three Rivers v. City of Pittsburgh and Michael T. Radley)
    Actions compromising Three Rivers' ability to
    demonstrate in Schenley Park due to confiscated
    materials.

Claim 3: First Amendment
(Seeds of Peace v. City of Pittsburgh)
    Actions taken with respect to the Seeds of Peace bus.

Claim 4: Fourth Amendment
(Seeds of Peace v. City of Pittsburgh, officer Sellers,
officer Eric Kurvach, and officers Doe 1-100)
    Actions taken with respect to the Seeds of Peace bus
    and detention of members of Seeds of Peace.

BY THE COURT:

_____, C. J.

cc:  All Counsel of Record

19