IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SEEDS OF PEACE COLLECTIVE      )
and THREE RIVERS CLIMATE       )
CONVERGENCE,                   )
                               )
          Plaintiffs,          )
      v.                       )
                               )
CITY OF PITTSBURGH; LUKE       )
RAVENSTAHL, Mayor, City of     )
Pittsburgh; MICHAEL HUSS,      )
Director of Public Safety,     )
City of Pittsburgh; NATHAN     )    Civil Action No. 09-1275
HARPER, Chief, Pittsburgh      )
Bureau of Police; WILLIAM E.   )
BOCHTER, Assistant Chief,      )
Pittsburgh Bureau of Police;   )
MICHAEL T. RADLEY, Assistant   )
Director, Pittsburgh City      )
Parks; OFFICER SELLERS         )
(Badge No. 3602); OFFICER      )
ERIC KURVACH (Badge No. 3480)  )
OFFICERS DOE 1-100,            )
                               )
          Defendants.          )

MEMORANDUM

Gary L. Lancaster,
Chief Judge.                                   July 28, 2010

          This is a civil rights action brought pursuant to 42

U.S.C. § 1983.  Plaintiffs, Seeds of Peace Collective ("Seeds of

Peace") and Three Rivers Climate Convergence ("Three Rivers"),

allege that defendants violated their rights guaranteed by the

First, Fourth, and Fourteenth Amendments to the United States

Constitution.  Specifically, plaintiffs allege that defendants

interfered with their ability to freely assemble and demonstrate

during the International Coal Conference and the Group of 20 Summit

("G-20 Summit"), which took place in Pittsburgh, Pennsylvania during the week of September 20, 2009.

Defendants filed a motion for partial dismissal of the amended complaint on February 9, 2010. The court granted in part and denied in part defendants' motion for partial dismissal in its Memorandum and Order dated May 25, 2010 [doc. no. 34].[1] The court denied, <u>inter alia</u>, defendants Michael T. Radley ("Radley"), Officer Sellers ("Sellers"), and Officer Eric Kurvach's ("Kurvach") motion to dismiss based upon qualified immunity.

Defendants Radley, Sellers, and Kurvach appealed to the Court of Appeals for the Third Circuit [doc. no. 35]. Specifically, Radley appeals the denial of qualified immunity as to the First, Fourth, and Fourteenth Amendment claims of Three Rivers against him. Sellers and Kurvach appeal the denial of qualified immunity as to the First and Fourteenth Amendment claims of Three Rivers against them. The claims not subject to appeal are plaintiffs' First, Fourth, and Fourteenth Amendment claims against the City of Pittsburgh, and Seeds of Peace's Fourth and Fourteenth Amendment claims against Sellers and Kurvach.

Defendants Radley, Sellers, and Kurvach have now filed a motion to stay discovery [doc. no. 42] pending their qualified

---

[1] The background facts and procedural history of this case, of which the parties are familiar, are set out in the prior opinion of this court and do not need to be repeated at length for the purpose of deciding this motion.

immunity appeal.  Defendants contend that the United States Supreme
Court, in <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1953-54 (2009),
established that all discovery must be stayed pending the
resolution of a motion to dismiss based on qualified immunity.
Plaintiffs oppose a stay, and argue that <u>Iqbal</u> did not decide
whether discovery must be stayed pending the resolution of a motion
to dismiss based on qualified immunity.  Plaintiffs contend that
because defendants Radley, Sellers, and Kurvach will be forced to
respond to discovery as fact witnesses in the claims against the
City of Pittsburgh, and Seeds of Peace's claims against Sellers and
Kurvach, discovery should be allowed to proceed at the very least
with respect to the claims not subject to appeal.

        For the reasons set forth below, the court finds that
because defendants Radley, Sellers, and Kurvach will remain a part
of the pretrial proceedings as fact witnesses in the claims not
subject to appeal, the need to protect these defendants from the
burdens of litigation are not present.  Accordingly, the motion to
stay discovery will be denied.


I. <u>STANDARD OF REVIEW</u>

        In determining whether to stay discovery pending the
resolution of a motion to dismiss based upon qualified immunity, we
must be mindful that one element of qualified immunity is a
government official's "entitlement not to stand trial or face the

other burdens of litigation, conditioned on the resolution of the essentially legal question whether the conduct of which the plaintiff complains violated clearly established law." Thomas v. Independence Township, 463 F.3d 285, 291 (3d Cir. 2006) (quoting Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)).

The Supreme Court has stated that the resolution of qualified immunity issues should occur at the "earliest possible stage in litigation." Hunter v. Bryant, 502 U.S. 224, 227 (1991). Qualified immunity is "intended to protect officials from the potential consequences of suit, including distraction from official duties, inhibition of discretionary action, and deterrence of able people from public service." Thomas, 463 F.3d at 291 (citing Mitchell, 472 U.S. at 526).

The United States Supreme Court and Court of Appeals for the Third Circuit have placed significance upon relieving government officials from the burdens of discovery, when possible, prior to the resolution of whether those officials are entitled to qualified immunity. The standard upon which to determine whether to stay discovery in these instances strongly favors staying discovery until the qualified immunity issue is resolved; however, the standard is permissive, leaving such decisions to the discretion of the district court. Mitchell, 472 U.S. at 526 (citing Harlow v. Fitzgerald, 457 U.S. 800, 817 (1982) (stating that pretrial matters such as discovery should be avoided if

4

possible because such burdens of litigation can be disruptive to government officials)).

II. <u>DISCUSSION</u>

Defendants Radley, Sellers, and Kurvach argue that the United States Supreme Court established in <u>Iqbal</u> that all discovery must be stayed as to all claims in a case, pending the resolution of some individual defendants' motion to dismiss based upon qualified immunity.   We disagree.   In <u>Iqbal</u>, the United States Supreme Court held that a district court's order denying a motion to dismiss on the grounds of qualified immunity was reviewable under the collateral-order doctrine. <u>Iqbal</u>, 129 S.Ct. at 1947.   The Supreme Court also held that plaintiff's complaint did not comply with Federal Rule of Civil Procedure 8 under <u>Twombly</u>, which held that a complaint must contain sufficient factual matter, alleged in non-conclusory terms, to state a claim for relief that is plausible on its face.   <u>Id</u>. at 1952, (citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)).

The Supreme Court in <u>Iqbal</u> did not hold, however, that this court no longer has discretion to determine whether it is proper to stay all discovery as to all claims pending the resolution of a motion to dismiss based upon qualified immunity. Rather, the Supreme Court observed in dicta that it was unpersuaded by plaintiff's request to relax the pleading requirements under

5

Federal Rule of Civil Procedure 8 simply because the Court of Appeals for the Second Circuit had instructed the district court to confine discovery to preserve defendants' qualified immunity defense in anticipation of a summary judgment motion. Id. at 1953.

The Supreme Court stated that the basic reasoning behind qualified immunity was to "free officials from the concerns of litigation, including 'avoidance of disruptive discovery.'" Id. at 1953 (quoting Siegert v. Gilley, 500 U.S. 226, 236 (1991)(Kennedy, J., concurring in judgment)). Then, in declining to relax the pleading requirements based upon the Court of Appeals for the Second Circuit's instructions to the district court to minimize intrusive discovery, the Supreme Court stated:

> That promise provides especially cold comfort **in this pleading context**, where we are impelled to give real content to the concept of qualified immunity for high-level officials who must be neither deterred nor detracted from the vigorous performance of their duties. Because respondent's complaint is deficient under Rule 8, he is not entitled to discovery, cabined or otherwise.

Id. at 1954 (emphasis added).

Contrary to defendants' argument, the Supreme Court's dicta regarding whether or not to relax pleading requirements in Iqbal, because of an instruction by the Court of Appeals for the Second Circuit to restrict discovery, does not require this court to stay all discovery, as to all claims, where an appeal of the denial of a motion to dismiss some claims based upon qualified immunity is pending. Cf. S.D. v. St. Johns County School Dist.,

6

No. 09-250, 2009 WL 4349878, at *4-5 (M.D. Fla. Nov. 24, 2009) (holding that where claims against certain defendants have survived the motion to dismiss stage, there is no need to stay all discovery pending the resolution of other defendants' motion to dismiss based on qualified immunity).

In short, all claims against the City of Pittsburgh, and the Fourth Amendment claims against Sellers and Kurvach, will remain regardless of what the Court of Appeals for the Third Circuit decides in the appeal. Radley, Sellers, and Kurvach will be required to provide testimony and participate in discovery on the remaining claims even if the Court of Appeal for the Third Circuit holds that they are entitled to qualified immunity. Thus, it is not possible to shield defendants Radley, Sellers, and Kurvach from the burdens of discovery in this case.

Based on the foregoing, defendants' motion to stay discovery pending their qualified immunity appeal is denied.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SEEDS OF PEACE COLLECTIVE           )
and THREE RIVERS CLIMATE            )
CONVERGENCE,                        )
                                    )
          Plaintiffs,               )
     v.                             )
                                    )
CITY OF PITTSBURGH; LUKE            )
RAVENSTAHL, Mayor, City of          )
Pittsburgh; MICHAEL HUSS,           )
Director of Public Safety,          )
City of Pittsburgh; NATHAN          )     Civil Action No. 09-1275
HARPER, Chief, Pittsburgh           )
Bureau of Police; WILLIAM E.        )
BOCHTER, Assistant Chief,           )
Pittsburgh Bureau of Police;        )
MICHAEL T. RADLEY, Assistant        )
Director, Pittsburgh City           )
Parks; OFFICER SELLERS              )
(Badge No. 3602); OFFICER           )
ERIC KURVACH (Badge No. 3480)       )
OFFICERS DOE 1-100,                 )
                                    )
          Defendants.               )

ORDER

AND NOW, this 28th day of July, 2010, IT IS HEREBY ORDERED that

defendants' motion to stay discovery [doc. no. 42] is DENIED.

BY THE COURT:

_____, C. J.

cc:  All Counsel of Record