# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SEEDS OF PEACE COLLECTIVE and THREE RIVERS CLIMATE CONVERGENCE, | CIVIL DIVISION |
| | No: 09-01275 |
| Plaintiffs, | |
| vs. | CHIEF UNITED STATES DISTRICT JUDGE GARY L. LANCASTER |
| CITY OF PITTSBURGH; LUKE RAVENSTAHL, Mayor City of Pittsburgh; MICHAEL HUSS, Director of Public Safety, City of Pittsburgh; NATHAN HARPER, Chief, Pittsburgh Bureau of Police; WILLIAM E. BOCHTER, Assistant Chief, Pittsburgh Bureau of Police; MICHAEL T. RADLEY, Assistant Director, Pittsburgh City Parks; OFFICER SELLERS (Badge No: 3602); OFFICER ERIC KURVACH (Badge No. 3480) OFFICERS DOE 1-100, | *(Electronically Filed)* |
| Defendants. | |

## STIPULATION FOR CONFIDENTIAL LITIGATION MATERIALS

**IT IS HEREBY STIPULATED, CONSENTED TO AND AGREED** by and among the parties to this action that:

### Materials Covered

1. This Stipulation shall apply to all "Confidential Litigation Materials" disclosed during the course of the above-captioned litigation by any party or non-party, including, but not limited to information disclosed:

    a. during discovery;

    b. in any pleading, document, affidavit, brief, motion, transcript or other writing;

      c.      in testimony given in a deposition; or

      d.      in any copies, notes, abstracts or summaries of such information.

Such information and materials shall be hereinafter referred to as "Confidential Litigation Materials" or "Confidential."

**Definition of Confidential Litigation Materials**

    2.    "Confidential Litigation Materials" shall include, but not be limited to, all Litigation Materials reflecting, referring to or evidencing: operational plans developed by the City of Pittsburgh or other government agencies for the 2009 G-20 Summit, including the table of contents of said plans, and any documents that, if revealed, could disclose confidential police tactics and/or security procedures. Such materials shall be designated confidential only where the party producing the materials believes in good faith such materials to be confidential. Information may be designated as "Confidential Information" if it is not publicly discoverable or available and if it relates to sensitive law enforcement information, or other sensitive or proprietary information, the disclosure of which may be prejudicial to the interests of any person. Nothing in this Stipulation shall prevent any party from challenging the designation of any documents or information as confidential.

    Confidential Litigation Materials shall include all photocopies, notes, abstracts or summaries of the within-referenced information.

**Method of Designation**

    3.    Any party or non-party may designate as "Confidential," within the meaning of Paragraph 2 hereof, all or any portion of any Litigation Materials as follows:

      a.      Documents or other tangible Litigation Materials produced by a party or non-party may be designated as "Confidential" by stamping or writing the appropriate legend on the document or other Litigation Materials.

b.  Depositions or other testimony may be designated as "Confidential" by any of the following means: (i) by stating orally on the record that the information is "Confidential" on the day the testimony is given; or (ii) by sending written notice designating information as "Confidential" within 45 days after receipt of the deposition transcript. All information disclosed during a deposition shall be deemed to have been designated "Confidential" until 45 days after the transcript has been received, whether or not portions of the transcript have been previously so designated.

c.  Where only portions of Litigation Materials are claimed to be confidential, counsel claiming confidentiality shall designate the portions of said materials for which confidentiality is claimed, and only those portions shall be subject to this Stipulation.

**Treatment of "Confidential" Materials**

4. Any person responsible for making copies of Confidential Litigation Materials must ensure that the copies adequately reflect the "Confidential" designation.

5. Litigation Materials designated as "Confidential," including any copies, notes, abstracts or summaries thereof, shall be maintained in confidence by the person to whom such materials were produced or disclosed, and shall not be disclosed to any individual or entity except:

a.  the Court, including the adjunct settlement judge appointed by the Court for purposes of conducting alternate dispute resolution;

b.  counsel of record to the parties in the litigation, and the legal associates, paralegals and clerical or other support staff who are employed by such counsel and are actually involved in assisting in the litigation;

c.  experts or consultants retained by the parties or their counsel to assist counsel in preparing this case for trial;

d.  any individual or entity upon the written agreement of the party who produced the "Confidential" information or pursuant to Court order;

3

    e.  Any person called or to be called as a witness at a deposition or the trial in this action (but only in the course of the witness' testimony, such documents not to be retained by the witness).

  6.  All persons authorized by this Stipulation to receive information from Litigation Materials designated "Confidential" shall maintain such information as confidential in accordance with this Stipulation, and shall use such information solely for the purpose of preparing for and conducting the above-captioned litigation. Neither Litigation Materials designated "Confidential" nor the contents thereof shall be used, directly or indirectly, for any other purpose.

  7.  All persons authorized to receive "Confidential" information under this Stipulation, other than the Court, shall be provided with a copy of this Stipulation. Counsel of record for that person shall advise the recipient of the contents, purpose and effect of this Stipulation. Thereafter, the recipient shall, in a written and signed Certificate state that he or she has read the Stipulation, that he or she has been advised of his/her duties and obligation under this Stipulation and that he or she agrees to be bound by the terms hereof. Counsel of record for that party shall then retain the Certificate until the conclusion of the litigation and shall make such Certificates available to counsel for the producing party or non-party upon request.

  8.  Before any Confidential Information is disclosed to any person, each such person shall be given a copy of this Stipulation and shall execute a copy of the form attached hereto as Exhibit "A" ("Confidentiality Agreement"). Confidentiality Agreements shall be retained by the party disclosing Confidential Information to such person. Any party or nonparty may be shown its own Confidential Information, including Confidential Information such party or nonparty created or previously received, without execution of a Confidentiality Agreement. Confidential

Information may be disclosed only to the extent reasonably necessary to enable the person to assist in the prosecution or defense of the Litigation.

**Inadvertent Disclosure**

9.  In the event that information from Litigation Materials designated "Confidential" is either intentionally or inadvertently disclosed to someone not authorized to receive such information under this Stipulation, or if a person so authorized breached any of his/her obligations under this Stipulation, counsel of record for the party involved shall immediately give notice of such unauthorized disclosure or breach to counsel of record for the party who initially produced the Litigation Materials and shall also disclose the circumstances of the unauthorized disclosure or breach.

**Use in Court**

10.  In the event a party wishes to use any Confidential Information in any pleading or document filed with the Court in this action, the pleading or documents containing such Confidential Information shall, until such time as the Court orders otherwise, be used and filed under seal, and marked with the following legend:

CONFIDENTIAL MATERIAL

FILED UNDER SEAL

> The material herein is filed under seal and shall not be opened or disclosed except by the Court or by order of the Court in this action. The material herein is subject to the provisions of a confidentiality Order dated _____ filed in *Seeds of Peace Collective et al. v. City of Pittsburgh et al. In the United States District Court for the Western District of Pennsylvania, Civil Action Number: 09-1275.*

Copies of any motion, pleading, memorandum or other document containing Confidential Information shall be stamped on the cover page with the appropriate legend and shall specify under the legend the pages of the document containing such material and/or testimony. The

filing party shall take all steps necessary to comply with this Order of Court in connection with such filings.

**Objections to Confidential Treatment**

11. If any party objects to the designation of any Litigation Materials as "Confidential," the party shall state the objection by letter to counsel for the party making the designation. If the parties are then unable to resolve the dispute, any party may move the Court to resolve the dispute. Until the Court rules on any such motion, the Litigation Material shall continue to be recognized as "Confidential" under the terms of this Stipulation.

12. The failure of any party to object to the designation of information as Confidential Information does not prevent the party from later objecting to this designation and requesting that the party be permitted to disclose the information without regard to the terms of this Order.

**Subpoena by a Third-Party**

13. If a party in possession of Litigation Materials designated "Confidential" receives a subpoena from a non-party to this Stipulation seeking production or other disclosure of Confidential Litigation Materials, he shall immediately give written notice to counsel for the party or non-party who designated the materials as "Confidential," identifying the confidential materials sought and enclosing a copy of the subpoena at least 10 business days notice before production or other disclosure shall be given. In no event shall production or disclosure be made before notice is given and the minimum 10-day period has elapsed.

**Conclusion of Litigation**

14. Within 45 days of the conclusion of this litigation, including any post-trial motions or appellate proceedings, counsel of record for the parties shall secure the return of all Litigation Materials designated "Confidential" and all copies thereof and notes, abstracts or

summaries made therefrom from all persons to whom such materials were produced under the terms of this Stipulation, and shall either destroy all such materials or return them to counsel for the party or non-party who initially produced the Confidential Litigation Materials except that counsel may retain their work product, copies of court filings and official transcripts and exhibits, provided said retained documents are kept under seal and that the "Confidential" information contained therein will continue to be treated as provided herein. Upon request, counsel shall furnish a letter to counsel for the party or non-party who initially produced the Confidential Litigation Materials confirming compliance with this provision. The provisions of this Stipulation shall not terminate upon the conclusion of this action, and the Court will retain jurisdiction to enforce it.

**Amendment to this Agreement**

15. The provisions of this Stipulation may be modified by express written stipulation of the parties hereto. In addition, a party may apply to the court for modification of this Stipulation pursuant to motion brought in accordance with the rules of the Court. The parties hereby agree and extend their consent to an expedited hearing upon any such application.

**Privileged Documents**

16. In the event documents which are claimed to be privileged are inadvertently produced, such documents shall be returned by the receiving parties to the producing party within 2 days of any written request therefor, unless the receiving party challenges the privileged nature of the document(s), in which case the producing party shall make application to the Court for the return of the document(s). While such application is pending, the receiving parties shall not use or divulge the contents of such document(s) except to the Court under seal. The

inadvertent production of any document claimed to be privileged shall not constitute a waiver of any such privilege.

**Reservations of Rights**

17. Nothing in this Stipulation shall prevent any party from disclosing its own confidential information to any person as it deems appropriate, and any such disclosure shall not be deemed a waiver of any party's rights or obligations under this Stipulation.

18. Nothing in this Stipulation shall constitute: (1) an agreement by the parties to produce any documents or supply any information or testimony in discovery not otherwise agreed upon or required by court order; (2) a waiver by any person or party of any right to object or to seek a further protective order in response to any discovery request in this or in any other action; or (3) a waiver of any claim of immunity or privilege with regard to any testimony, documents or information.

19. Disclosure by any party or its counsel of any "Confidential" Litigation Materials or other information or documents to another party or its counsel shall not be deemed to waive the attorney-client or work product privileges or to violate this Stipulation.

**Jurisdiction**

20. After termination of this action, the provisions of this Stipulation will continue to be binding on the parties and their counsel.

Dated: __August 2, 2011__          */s/ Paul D. Krepps*
                                    Paul D. Krepps
                                    Counsel for Defendants


Dated: __August 2, 2011__          */s/ Sara J. Rose*
                                    Sara J. Rose
                                    Counsel for Plaintiffs

BY THE COURT:

DATED: Aug 5, 11

IT IS SO ORDERED:

_____J
Chief U.S. District Judge Gary L. Lancaster